UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

EVELIO CALZADA,

      Petitioner,

v.                             CASE NO.:  5:25-cv-384-JLB-PRL

WARDEN, COLEMAN LOW FCI,

      Respondent.

_____/

## OPINION AND ORDER

Pending before the Court is Petitioner Evelio Calzada's Third Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.   (Doc. 12).   Petitioner alleges the Federal Bureau of Prisons (BOP) has incorrectly determined he is ineligible to receive the benefits of earned time credits under the First Step Act (FSA).   (Id. at 6).   In its response, Respondent contends the petition should be denied because Petitioner is subject to a final order of removal that makes him ineligible to apply FSA time credits towards reducing his sentence.   (Doc. 15). Petitioner filed a reply.   (Doc. 16).   The matter is ripe for review.

### I.      Background

Petitioner pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846, and was sentenced to a 120-month term of imprisonment.   United States v. Calzada, No. 1:18-cr-20094, Docs. 26, 46 (S.D. Fla.).   With currently earned and projected Good Conduct Time credits, Petitioner's projected release date is on October 4, 2026.   See

Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited May 29, 2026).

Petitioner claims the BOP has incorrectly determined he is ineligible to earn credits under the FSA. Specifically, he claims he is a non-deportable Cuban national, and his final order of removal has been stayed. (Docs. 12 at 6, 11–27, 16 at 2–6). Respondent contends the petition should be denied because Petitioner is not eligible for FSA credits due to his being subject to a final order of removal. (Doc. 15 at 1–3). Respondent has attached a copy of Petitioner's final order of removal, dated April 7, 2005. (Doc. 15-1). Petitioner has attached records from United States Immigration and Customs Enforcement related to orders of supervision after his removal was not effectuated. (Doc. 16 at 10–14).

## II.   Discussion

The Supreme Court has recognized that "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335 (1992). The FSA directed the Attorney General to develop and release a system for assessing the risks and needs of prisoners. See 18 U.S.C. § 3632(a). Relevant here, the FSA requires the BOP to assign prisoners to appropriate evidence-based recidivism-reduction programs or productive activities based on an individualized risk-and-needs assessment. See 18 U.S.C. §§ 3621(h)(1)(A), 3632(a)–(b). A prisoner who successfully completes these programs earns additional time credits. 18 U.S.C. § 3632(d)(4)(A). However, a prisoner who is "the subject of a final order

of removal under any provision of the immigration laws" is ineligible to apply for time credits.    18 U.S.C. § 3632(d)(4)(E)(i).    In addition, BOP regulations provide that "any inmate eligible to earn FSA [t]ime [c]redits" who is "[s]ubject to a final order of removal under immigration laws" of the United States "may not apply FSA [t]ime [c]redits toward prerelease custody or early transfer to supervised release." 28 C.F.R. § 523.44(a)(2).

Here, Petitioner is subject to a final order of removal.    (Doc. 15-1).    The final order of removal renders Petitioner ineligible to apply FSA credits to his sentence. Petitioner states that he is a non-deportable Cuban national and that his removal order was stayed by an immigration judge in 2005.    However, he does not provide any record regarding any stay.    Although Petitioner attaches several records that indicate he was permitted to remain in the United States on supervision despite the removal order (Doc. 16 at 10–14), these records do not support a finding that he is not subject to a final order of removal.    Instead, they demonstrate that Petitioner was ordered removed by an immigration judge, but his removal was not effectuated within the relevant time period.    Unexecuted final orders of removal do not expire with the passage of time.    See, e.g., Romero v. Sec'y, U.S. Dep't of Homeland Sec., 20 F.4th 1374, 1384–85 (11th Cir. 2021) (noting a removal order that was never executed was "still operative" thirty-five years later).    Other courts to have considered the issue of the diplomatic relationship between Cuba and the United States have determined that federal prisoners from Cuba with final orders of removal are precluded from having earned time credits applied, regardless of

3

whether they will be deported.    See Fleitas v. Rokosky, No. 1:24-cv-112, 2024 WL 5465206, at *6 (S.D.W. Va. Oct. 4, 2024) (collecting cases), report and recommendation adopted, 2025 WL 545721 (S.D.W. Va. Feb. 19, 2025).

Finally, the Court notes that several of the cases relied on by Petitioner do not apply here.    In his memorandum of law, Petitioner cites three cases for the proposition that "[n]umerous federal courts have held that a stayed removal order does not bar FSA eligibility and the BOP's position is unlawful."    (Doc. 12 at 12) (citing Yufenyuy v. Warden, FCI Berlin, 659 F. Supp. 3d 213, 216 (D.N.H. 2023); Sharma v. Peters, 756 F. Supp. 3d 1271, 1280 (M.D. Ala. 2024); and Goodman v. Ortiz, No. 20-cv-7582, 2020 WL 5015613, at *1 (D.N.J. Aug. 25, 2020)).[1]    However, none of the cases involved a prisoner subject to a final order of removal.[2]    In

---

[1] Petitioner cites Goodman from the District of New Jersey as 2021 WL 1085744 and dated March 22, 2021.    However, that citation returns a different case, Johnson v. Murphy, 527 F. Supp. 3d 703 (D.N.J. 2021), vacated and remanded sub nom. Johnson v. Governor of New Jersey, No. 21-1795, 2022 WL 767035 (3d Cir. Mar. 14, 2022), which relates to landlord challenges to executive orders of the New Jersey governor.    The August 2020 Goodman case cited, 2020 WL 5015613, relates to a federal prisoner's challenge to application of earned time credits and appears to be the case Petitioner intended.

[2] In Yufenyuv, habeas relief was granted because the prisoner was subject only to an immigration detainer, not a final order of removal, and the BOP's regulation related to such was contrary to the plain language of the First Step Act. See 659 F. Supp. 3d at 218.    Sharma did not involve a prisoner subject to any immigration detainer or removal order; it relates to the commencement date for earning FSA time credits and the BOP's obligation to make programming available to prisoners housed outside of BOP facilities.    See 756 F. Supp. 3d at 1280–82. Goodman did not deal with a prisoner subject to a final order of removal; instead, it granted habeas relief because the BOP's position regarding the date on which its obligation to apply earned time credits took effect.    See 2020 WL 5015613, at *1.

addition to not binding this Court, the cited cases are inapposite to the Court's resolution of the petition here.

Because Petitioner is ineligible for earned time credits due to his final order of removal, the Petition is denied.

**III.    Motion for Evidentiary Hearing and to Expand the Record**

Attached to his reply, Petitioner has filed a motion for an evidentiary hearing and to expand the record.   (Doc. 16 at 7–9).   Petitioner also attaches several documents from ICE regarding orders of supervision.   (Id. at 10–14).

Upon consideration, the motion is granted in part and denied in part.   The Court has carefully reviewed the record and determines that no evidentiary proceedings are warranted to resolve this petition.   Schriro v. Landrigan, 550 U.S. 465 (2007).   Petitioner does not proffer any evidence that would necessitate an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360, 1362–63 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court.   Schriro, 550 U.S. at 474.   The Court will, however, grant the motion to the extent the Court has considered Petitioner's exhibits in its consideration of the petition.

**IV.    Conclusion**

Based on the foregoing, it is now

**ORDERED:**

1.    Petitioner's Third Amended Petition for Writ of Habeas Corpus (Doc. 12) is **DENIED**.

2.      The Clerk is **DIRECTED** to enter judgment, deny any pending

motions as moot, terminate any deadlines, and close this file.

**DONE AND ORDERED** in Tampa, Florida this 29th day of May, 2026.


_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE


SA:   OCAP-2
Copies:   All Parties of Record